IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cr-30136-SMY |
| | ) |
| WARREN G. GRIFFIN, II, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Warren G. Griffin, II was arrested in August 2018 by Illinois State Police officers following a traffic stop. During a pat down search, a .380 caliber Ruger, loaded with five rounds of ammunition was located and collected (*see* Stipulation of Facts, Doc. 36). Griffin was indicted on and pled guilty to the charge of being a felon in possession of a firearm, and agreed to forfeit the .380 caliber Ruger (*id.*).

Now before the Court is Griffin's *pro se* Motion for Return of Seized Property (Doc. 69). Griffin requests the return of the following property, which he claims was seized by the Illinois State Police during the August 2018 arrest: (1) $1,400.00 in United States currency; (2) One Macbook computer; (3) One Apple Ipad; (4) Four cellular telephones; (5) One Rolex watch; (6) One Louis Vuitton backpack; (7) Personal luggage; and (8) One silver 2005 Lexus, bearing VIN: JTH8A30G855084565. The Government filed a Response (Doc. 70), asserting that these items were not included in the forfeiture allegation in this case, were never seized by a federal agency, and were never recommended for federal criminal forfeiture. The Government further asserts that

it has no control over the Illinois State Police, a local law enforcement agency who seized Griffin's property at the time of his arrest, and therefore cannot be ordered to release property it never seized.

Federal Rule of Criminal Procedure 41(g) authorizes a judge proceeding in a criminal case to order the Government to return property in its possession that belongs to a defendant if the Government has no reason to continue holding the property. *See United States v. Norwood*, 602 F.3d 830, 832 (7th Cir. 2010) (explaining that a Rule 41(g) proceeding may also be maintained as an ancillary proceeding in the district court even after the criminal proceeding ends) (citations omitted).  But the Government cannot be ordered to return property it does not possess. *See Okoro v. Callaghan*, 324 F.3d 488, 491 (7th Cir. 2003) ("Since in the usual case the only relief sought by the Rule 41(g) motion is return of the property by the government, the fact that the government doesn't have it is ordinarily a conclusive ground for denial of the motion."); *see also United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997) (where the United States was never in possession of the defendant's vehicle, defendant's Rule 41(g) motion for its return was denied).  Accordingly, the Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 28, 2020**

**STACI M. YANDLE**
**United States District Judge**